IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KIMBERLY A. RAMIREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.05-fp-05126-NKL |
| | ) | |
| JO ANNE BARNHART, | ) | |
| Commissioner of Social | ) | |
| Security Administration | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is Plaintiff's Motion for Leave to File *In Forma Pauperis* [Doc. # 1]. For the following reasons, Plaintiff's motion is denied.

Under 28 U.S.C. § 1915(a), this Court may authorize commencement of a suit without prepayment of fees. The statute specifically provides that a court "may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit . . . that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The district court follows a two-step process in considering whether the applicant should be permitted to proceed *in forma pauperis*. First, the Court must determine whether the applicant qualifies by economic status under § 1915(a). *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). Second, the Court must determine whether the cause of action stated in the complaint is frivolous or malicious. 28 U.S.C. § 1915(e)(2); *see also Martin-Trigona*, 691 F.2d at 857.

1

The opportunity to proceed *in forma pauperis* is a privilege rather than a right, and should not be used to abuse the court's process. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify under § 1915 rests within the sound discretion of the trial court. *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983), *cert. denied*, 466 U.S. 980 (1984). A showing of poverty is sufficient if the applicant would be forced to give up the basic necessities of life if required to pay the costs of the lawsuit. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also* Local Rule 83.7.

Plaintiff has filed an Affidavit of Financial Status in support of her Motion; however, the affidavit does not suggest an inability to prepay fees and costs without having to forfeit the basic necessities of life. Neither Plaintiff's affidavit or complaint state how long she has been unemployed. Her husband is employed with a net weekly income of $579. They own their own home but have only $1,150 of equity in it and a monthly mortgage obligation of $770. They own two trucks free and clear, but do not indicate their present value in the affidavit. Including the mortgage, household expenses, medicine, groceries, utilities,[1] and various credit card and other debts, Plaintiff indicates that her total monthly expenses are approximately $2,441. Plaintiff's husband's monthly income is approximately $2,478. Although this is a slim difference, the Court cannot say that Plaintiff is unable to prepay fees and costs without having to forfeit the basic costs of

---

[1] Plaintiff includes $60 per month for cable television.

2

Case 3:05-fp-05126-NKL   Document 2   Filed 09/20/05   Page 2 of 3

life. Based on this affidavit, the Court concludes that Plaintiff has not satisfied the first prong.

The second prong of the *Martin-Trigona* test requires that the Court determine that an applicant's claims are not frivolous or malicious under section 1915(e)(2). This decision should be made prior to the issuance of process. *In re Funkhouser*, 873 F.2d 1076, 1077 (8th Cir. 1989). An action is frivolous within the meaning of section 1915(e)(2) if the court determines that "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's Complaint seeks review of a decision denying supplemental security income benefits. Based upon the information currently before the Court, there is no indication that this is a "frivolous or malicious" suit. However, because Plaintiff's affidavit does not satisfy the first prong of section 1915's poverty requirement, her Motion for Leave to File *In Forma Pauperis* will be denied.

Accordingly, it is hereby

ORDERED that Plaintiff's Motion for Leave to File *In Forma Pauperis* [Doc. # 1] is DENIED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: September 20, 2005
Jefferson City, Missouri